IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

|  |  |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Adrian Steven Morin,<br><br>　　　　　　Defendant. | **ORDER DISMISSING MOTION**<br>**UNDER 28 U.S.C. § 2255**<br><br>Crim. File No. 3:03-cr-90-12<br>Civil File No. 3:07-cv-67 |

Before the Court is Adrian Steven Morin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. #759).

On August 30, 2004, Mr. Morin pled guilty to conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. § 846. He was sentenced on February 25, 2005, to 264 months' imprisonment. He timely appealed to the Eighth Circuit Court of Appeals, which affirmed this Court's judgment. United States v. Morin, 437 F.3d 777 (8th Cir. 2006). Rehearing was denied on March 17, 2006, and the Mandate of the Court of Appeals was filed on March 27, 2006.

A petition for review under 28 U.S.C. § 2255 is subject to a 1-year period of limitation. The limitation period runs from the latest of:

　　　　1) the date on which the judgment of conviction becomes final;

　　　　2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

　　　　3) the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, there are no allegations that indicate 2), 3), or 4) are applicable. Therefore, the question of timeliness is dependent upon whether Mr. Morin's July 23, 2007 motion was filed within one year of the date on which the judgment of conviction became final. The United States Supreme Court has established that in such a case, "a judgment of conviction becomes <u>final</u> when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003) (emphasis added). Supreme Court Rule 13 requires a petition for a writ of certiorari be filed within 90 days after entry of the Court of Appeals' judgment or, if applicable, denial of rehearing.

Here, rehearing was denied on March 17, 2006. The judgment of conviction became final 90 days later, on June 15, 2006. Mr. Morin's § 2255 petition was not filed until July 23, 2007 – approximately one month and eight days too late.

Mr. Morin's § 2255 petition is time-barred and is therefore **DISMISSED**. In addition, the Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). Dismissal of this motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983). Therefore, a certificate of appealability will not be issued by this Court.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2008.

>                                         */s/      Ralph R. Erickson*
>                                         Ralph R. Erickson, District Judge
>                                         United States District Court